United States District Court
Southern District of Texas

**ENTERED**

April 03, 2026

Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MAHADIN HUSSEIN NOUR, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-26-2635 |
| | § | |
| RAYMOND THOMPSON,[1] | § | |
| | § | |
| Respondent. | § | |

**ORDER TO ANSWER**

The petitioner, Mahadin Hussein Nour, is currently in custody of the United States Department of Homeland Security, Immigration and Customs Enforcement ("ICE") at the Joe Corley Processing Center in Conroe, Texas. The petitioner is represented by counsel and has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 ("Petition") (Docket Entry No. 1) challenging his continued confinement, and a motion for a temporary restraining order and/or preliminary injunction ordering his immediate release from custody pending a judgment on the merits of his petition (Docket Entry No. 4).

---

[1] The Warden is substituted as the sole respondent in place of the other listed respondents because he is the petitioner's immediate custodian as the warden of the Montgomery Processing Center. See Rumsfeld v. Padilla, 124 S. Ct. 2711, 2720 (2004) ("In challenges to present physical confinement, we reaffirm that the immediate custodian, not a supervisory official who exercises legal control, is the proper respondent."); see also 28 U.S.C. § 2243 ("The writ, or order to show cause shall be directed to the person having custody of the person detained.").

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts[2] requires the court to promptly examine the petition and its attached exhibits and dismiss the petition, in whole or in part, if the face of the petition shows that the petitioner is not entitled to relief. Having conducted the required examination, and pursuant to 28 U.S.C. § 2241, et seq., the court **ORDERS** as follows:

1. The Clerk shall deliver copies of the Petition (Docket Entry No. 1), the Motion for a Temporary Restraining Order (Docket Entry No. 4), and this Order to the United States Attorney for the Southern District of Texas by electronic mail to USATXS.CivilNotice@usdoj.gov.

2. The respondent shall file an answer or other appropriate responsive pleading and a response to the motion **by April 17, 2026.** See Fed. R. Civ. P. 12(a)(2). Any dispositive motion that presents matters outside the pleadings may be treated as a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure.

3. In addition to any defense (in law or fact) to a claim for relief by the petitioner, the respondent's answer shall contain: (a) a statement of the authority by which the petitioner is held and, if held under the judgment of a court or administrative tribunal, the name of such court or tribunal and the

---

[2] A district court may apply any or all of the rules governing habeas petitions filed under 28 U.S.C. § 2254 to petitions filed under § 2241. See Rule 1(b), Rules Governing § 2254 Cases in the United States District Courts.

number and style of the case(s) in which those judgments were entered; and (b) a statement as to whether the petitioner has exhausted all available administrative remedies.

4.    The petitioner shall file a response within **ten (10) days** to any answer or dispositive motion and to the response to the motion for a temporary restraining order filed by the respondent. Under this court's Local Rule 7.4, any failure to respond to a motion filed by the respondent "will be taken as a representation of no opposition." S.D. Tex. R. 7.4. <u>Failure of the petitioner to respond to the respondent's motion within the time allowed may result in dismissal of this action for want of prosecution under Rule 41(b) of the Federal Rules of Civil Procedure</u>.

5.    Each party shall serve the other party, or counsel, with a copy of every pleading, letter or other document submitted for consideration by the court. Every pleading or document filed with the Clerk of Court shall contain a signed certificate stating the date a true and correct copy of the pleading or document was mailed and to whom mailed. Any pleading or other document that fails to include the certificate of service may be stricken from the record and not considered by the court.

6.    The petitioner must notify the court of any change of address by filing a written notice of change of address with the

Clerk.  The petitioner must also notify any counsel of record for the respondent.

The Clerk shall provide a copy of this Order to the parties.

**SIGNED** at Houston, Texas, on this __3rd__ day of April, 2026.

_____
SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE